SAMUEL GREENBAUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10692. Promulgated September 16, 1927.

The expense of repair of a frozen water pipe in a house no longer used as taxpayer's residence *held* not deductible as a loss under section 214 (a) (6), Revenue Act of 1921.

*John J. Wildberg, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

This proceeding involves a deficiency of $93.67 for the year 1923, which arises from the respondent's disallowance of an alleged loss of real property.

### FINDINGS OF FACT.

The petitioner is a resident of New York City. For over 25 years prior to June 1, 1923, he owned and occupied a residence at 2 East 94th Street. On that date the house was closed and boarded up and since then has never been occupied by the petitioner or his family as a residence. The house was completely dismantled and all the furniture and belongings were removed to petitioner's new residence at 17 East 84th Street.

At that time the house was put on the market for sale and held and treated by the petitioner as a business investment.

During the month of December, 1923, a water pipe in the cellar froze and burst, causing a flood in the cellar. Repairs and replacements necessary because of this accident were made at a total cost of $1,154.17, payment of which was made during the month of March, 1924.

### OPINION.

STERNHAGEN : The petitioner claims under section 214 (a) (6) of the Revenue Act of 1921.[1] In our opinion he has not brought himself within the provision invoked. There is a clear distinction between an expense of maintenance and repair, whether arising through ordinary wear and tear or through extraordinary damage, and a loss of the

---

[1] SEC. 214. (a) That in computing net income there shall be allowed as deductions :
      *      *      *      *      *      *      *
(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * * In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

property itself. All householders are called upon to sustain the expenses of repairs. A frozen water pipe is a common occurrence. When it takes place in a business building the cost of repair is an ordinary and necessary expense. But since similar household repairs come within the category of " personal, living, or family expenses," their deduction is expressly prohibited by section 215 (a). It can not be supposed that such prohibition is to be circumvented by calling the outlay a loss. In such a sense every outlay is a loss.

It is plain from the language of section 214 (a) (6) that the losses contemplated are losses of the property itself and not the cost of repair or replacement; for the measure of the loss is either the cost of the property or its value on March 1, 1913, if acquired prior thereto. This is inconsistent with the idea that the loss is to be either measured or characterized by the cost of repair or replacement. In the present case even if the petitioner were correct in theory he would necessarily fail because there is no evidence either of cost or of the March 1, 1913, value of the property lost.

*Judgment will be entered for the respondent.*

Considered by LANSDON and ARUNDELL.