RAY DURDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT L. STEPHENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109749, 109750.    Promulgated January 7, 1944.

*H. C. Holbrook. Esq.*, for the petitioners.
*Charles P. Bagley, Esq.*, for the respondent.

1

**OPINION.**

Disney, *Judge*: The first question confronting us here is whether the taxpayers have sustained losses arising from a "casualty" within the meaning of section 23 (e) (3) of the Internal Revenue Code.[1] Under the doctrine of *ejusdem generis*, it is necessary to define the word "casualty" in connection with the words "fires, storms, shipwreck" immediately preceding it. "Casualty" has been variously defined, including "an undesigned, sudden and unexpected event"— Webster's New International Dictionary; also as "an event due to some sudden, unexpected or unusual cause"—*Matheson* v. *Commissioner*, 54 Fed. (2d) 537. The term "casualty" "excludes the progressive deterioration of property through a steadily operating cause." *Fay* v. *Helvering*, 120 Fed. (2d) 253; also, "an accident or casualty pro-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

*   *   *   *   *   *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

*   *   *   *   *   *

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * *

ceeds from an unknown cause or is an unusual effect of a known cause. Either may be said to occur by chance and unexpectedly." *Chicago, St. Louis & New Orleans Railroad Co.* v. *Pullman Southern Car Co.,* 139 U. S. 79. The blast causing the damage to the houses of petitioners was unusual, heavier than those occuring during the day by day blasting operations which had theretofore been carried on. The damage was not caused by any progressive deterioration of property. We conclude that it was caused by a casualty in the ordinary sense of the word. Whether under the application of the doctrine of *ejusdem generis* it was a casualty of the same general nature or kind, as "fires. storms, shipwreck," offers a somewhat more difficult question. However, it has been held, under section 23 (e) (3), that an automobile wreck may be a casualty in closest analogy to shipwreck. *Shearer* v. *Anderson,* 16 Fed. (2d) 995, and Regulations 103, section 19.23 (e)-1, approves as a deductible item loss occasioned by damage to an automobile and resulting from the faulty driving of the taxpayer or another operating the automobile, or from the faulty driving of another automobile colliding with it. In *Anderson* v. *Commissioner,* 81 Fed. (2d) 457, it is held, under section 23 (e) (3), that losses arising from ordinary highway mishaps may be deducted even though caused by the negligence of the taxpayer. Conversely, losses sustained through the action of termites have been held not to be deductible under the heading of casualty. *United States* v. *Rogers,* 120 Fed. (2d) 244; *Charles J. Fay,* 42 B. T. A. 206; affd.. 120 Fed. (2d) 753. It thus appears that a proper definition of the term casualty does not exclude the intervention of human agency, such as involved in setting off the blast involved in this case, and the prime element is that of suddenness as opposed to some gradually increasing result. The blast being considered here. though set off by human agency, was sudden and unusual in violence. The fact that ordinary blasts had been occurring, without complaint from the petitioners, from day to day, the fact that such ordinary blasts caused no damage and that much damage was caused by this particular blast. resulting in complaint by the petitioners, all indicate that the occurrence was unusual in its results. It is suggested that the fact that the petitioners had knowledge of the blasting shows that they had assumed the risk. We can not agree. They had secured a promise, in effect, that no unusual blasting would be done, thereby in our opinion doing everything that they could reasonably be required to do.

The cases cited by the respondent do not appear to us to be in point. *Matheson* v. *Commissioner, supra,* involved the ordinary action of the elements upon a poorly constructed building, no time being established when any serious injury occurred, the result being that of progressive decay or corrosion. *United States* v. *Rogers, supra.* and *Charles J. Fay, supra,* involved damage done by termites over a period

of time. *Daniel F. Ebbert*, 9 B. T. A. 1402, is a case where excavation caused other ground to cave in and the walls of the petitioner's residence to crack. No element of suddenness appears in the facts. We conclude and hold that the damage done to the residences of the petitioners falls within the intendment of "casualty" as used in section 23 (e) (3) of the Internal Revenue Code. We have no doubt that Congress. when it amended the statute in 1916 by adding "or other casualty" to "fires, storms. shipwreck," intended to cover injuries inflicted by a sudden and violent blast, although set off by human agency.

There remains for consideration the amount of damages incurred through the casualty and therefore the amount of allowable deduction. Petitioners seek to deduct amounts estimated to cover all necessary repairs and depreciation after repairs, but under the facts in this case this plainly involves duplication. The measure of damages is the difference between the value of the properties immediately preceding the casualty and the value immediately thereafter. *Whipple v. United States*. 25 Fed. (2d) 520; *John S. Hall et al., Executors*, 16 B. T. A. 71; *Mary Cheney Davis*. 16 B. T. A. 65. To arrive at the proper deduction. from such amounts. we must subtract the amount by which the petitioners were "compensated * * * by insurance or otherwise"—compensation from insurance and in the value of the driveway laid down for each petitioner. This was $1,250 in the case of Ray Durden and $1,400 in the case of Robert L. Stephens. These respective amounts are to be deducted from $3,750 in the case of Ray Durden. and $4.775 in the case of Robert L. Stephens. which amounts, from the evidence. we find to be the difference between fair market values before and after the blast.

We therefore conclude and hold that Ray Durden. petitioner in Docket No. 109749, is entitled to a net deduction of $2,500 and that Robert L. Stephens. petitioner in Docket No. 109750. is entitled to a net deduction of $3,375 for losses sustained during the taxable year 1939 by reason of a casualty within the meaning of section 23 (e) (3) of the Internal Revenue Code.

*Decision will be entered under Rule 50.*