W. O. and Beulah M. Wiley v. Commissioner.
W. O. v. Commissioner
Docket No. 26318.
United States Tax Court
1952 Tax Ct. Memo LEXIS 170; 11 T.C.M. (CCH) 631; T.C.M. (RIA) 52191; June 20, 1952
*170 On the record, petitioners are held not entitled to deductions taken by them in computing net income for (a) interest, (b) state cigarette tax, (c) damages to a personal watch, and (d) cost of work clothing and laundry thereof. Further held that petitioners have failed to sustain the burden of proof for the deduction of an alleged bad debt. The amount of petitioners' expenditures for medical expense determined as the basis for the claim for deduction of such expense. Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioners for the calendar year 1948 in the sum of $87.76. Error is assigned upon respondent's disallowance of deductions taken by petitioners for (a) interest, (b) state cigarette tax, (c) damages to watch, (d) cost of work clothes and laundry, (e) bad debt, and (f) his adjustment of a deduction taken for medical expenses. The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of *171 Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. Petitioners are husband and wife, residing at Muskogee, Oklahoma. The return for the taxable year was filed with the collector of internal revenue for the district of Oklahoma. On this return three exemptions were claimed for the two petitioners and their daughter. On the return filed deduction was made in the sum of $80.05, as representing $74 interest in connection with financing the purchase of an automobile purchased by petitioner W. O. Wiley, hereinafter referred to as the petitioner, and $6.05, representing interest paid under the designation of carrying charges on an installment purchase from Sears, Roebuck & Co. At the hearing evidence was introduced showing that the $74 paid with respect to the automobile purchase included insurance as well as interest. How much of the payment represented insurance, which of course is not allowable, was not testified to and there is no way for *172 us to even approximate the amount of the total payment representing interest. We are not advised as to the cost of the automobile or the period over which such cost was financed. Under the circumstances it is impossible to ascertain the amount, if any, allowable as a deduction for interest. The burden is upon the petitioner to establish his claim and he must suffer the consequences of his failure to make the necessary proof. As to the item of $6.05, representing so-called carrying charges on purchases from Sears, Roebuck & Co., the evidence discloses that one purchase was made March 15, 1948, and the other October 18, 1948. These purchases were to be paid for under the contract at the rate of $6 a month, but how much of the deferred balance was paid during the taxable year is not disclosed. The sum of $15 in cash was paid at the time of the purchase. On the earlier purchase the deferred balance was $54.80, and the deferred balance on the latter purchase was $64.08. At the rate of payment on each at $6 per month, it would carry these payments far beyond the close of the taxable year. Under these circumstances it is impossible for us to determine how much in the way of carrying charges *173 this petitioner paid during the taxable year even if we were to determine that such payments were actually interest payments. Respondent is sustained. During the taxable year the petitioner purchased cigarettes in Oklahoma upon which the Oklahoma State cigarette tax had been paid in the sum of $39 by petitioner's vendor, as evidenced by stamps purchased by the vendor and attached to the packages of cigarettes prior to their purchase by the petitioner. Petitioner's deduction of the amount of this tax has been disallowed by the respondent and we sustain such action. Such tax does not constitute a deduction under section 23 (c) (3), Internal Revenue Code. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952). The petitioner is a truck driver employed by a construction firm. In the course of his work he accidentally dropped a watch which he carried in his pocket. The resulting damage was repaired at a cost of $12.70, which petitioner deducted on his return as a casualty loss. Such loss can not be allowed as a casualty loss as it does not fall into the general category of storm, fire or shipwreck, nor can it be allowed as a business expense, *174 there being no showing that petitioner was required by the necessities of his employment to carry a watch. The expense of the repair is personal in character and not subject to allowance. See Shearer v. Anderson, 16 Fed. (2d) 995; Ray Durden, 3 T.C. 1. Petitioner, during the taxable year, expended $115.81 for work clothing, together with $52, cost of laundry of such clothing. This work clothing consisted of overalls and coveralls worn by petitioner while at work over his regular clothing. He was not required by his employer to wear any particular type of clothing, and the overalls and coveralls in question were not distinctive in type and did not constitute a uniform required in the performance of his duties. This clothing was of a type that could be worn by petitioner, if he liked, outside the performance of his duties, and was selected by him in his own discretion for his convenience in his work and to save wear and tear on other clothing. The cost of such clothing is not the subject of a deduction, nor is the cost of the laundry thereof. Such cost is personal in character, and respondent is sustained in his disallowance of the deduction. Louis M. and Leora R. Roth, supra; *175 Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. The petitioner, on his return, deducted $50 as a bad debt, which deduction respondent has disallowed. The evidence presented to support this deduction is a check in this amount drawn on The First National Bank and Trust Company, Muskogee, Oklahoma. This check appears to be dated December 26, 1948, was written in pencil, and the signature is illegible. It is endorsed by the petitioner who testified that he presented it for payment by the bank, which payment was refused on the ground that there were insufficient funds to meet it. No testimony was given as to the date upon which payment was refused on the check, nor is there the slightest information given as to the transaction by which petitioner came into possession of the check. Such information is insufficient to determine the existence of a debt or any event within the taxable year which made it worthless. Petitioner's counsel on brief states that the check represented a loan by petitioner of cash to a named individual, the check being taken as collateral with the understanding that it would be taken care of when presented for collection. If such *176 were the facts, proof should have been made of them at the trial of the case, and we can not accept them as facts upon the basis of the statement on brief. Respondent is sustained. On the return items of expenditure for medicines, hospital, doctors, dental supplies, health and accident insurance premium were set out in a total of $436.12, upon which petitioner computed a deduction of $291.97 as representing the excess of this amount over five per cent of gross income. Respondent, in determining the deficiency, disallowed the claimed expenditures as not sustained by proof. At the hearing petitioner introduced proof sustaining medical expenses in a total amount of $212.50. No evidence was presented as to various items of expenditures set out on the return, including health and accident premium payment in the amount of $86.62. The Hearing Commissioner has found total expenditures of $212.50, as established by the evidence. With this finding we agree, and this amount respondent concedes on brief. Effect will be given to the finding of this total in the recomputation of the deficiency in accordance with this opinion. Decision will be entered under Rule 50.