E. M. and Rose Ann Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 27540.
United States Tax Court
1952 Tax Ct. Memo LEXIS 163; 11 T.C.M. (CCH) 651; T.C.M. (RIA) 52201; June 24, 1952
*163 On the record, respondent is sustained in his disallowance of certain items of deduction for repairs to watch, medical expenses, cost of travel and meals, cost of work clothing, and the cost of the laundry of such clothing. Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax for the calendar year 1948 in the sum of $49.84. The errors assigned are upon respondent's disallowance of deductions claimed by the petitioners, as follows: 1. Loss: Watch breakage
$ 8.50
2. Medical expenses, disallowed to the
extent of
144.00
3. Expense of travel and meals
144.00
4. Purchase of work clothing
52.10
5. Laundry of work clothing
26.00
Total deductions disallowed
$374.60
The proceeding was heard at Muskogee, Oklahoma, on May 9, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect *164 to the proceeding, and we hereby adopt and include such findings herein by reference in our findings of fact. The petitioners are husband and wife and residents of Muskogee, Oklahoma. They filed a joint income tax return for the taxable year with the collector of internal revenue for the district of Oklahoma. The petitioner E. M. Taylor is a carpenter by trade. During the calendar year 1948 he dropped his watch on the sidewalk in front of his home and expended $8.50 as the cost of repair. This expenditure is deducted as a casualty loss. It clearly does not constitute a casualty loss, as it is not in the same general category as fire, storm and shipwreck within section 23(e)(3), Internal Revenue Code. See Schearer v. Anderson, 16 Fed. (2d) 995; Ray Durden, 3 T.C. 1. The disallowance of this deduction by respondent is approved. On the joint income tax return filed by petitioners there were listed claimed expenditures as medical expenses in the aggregate amount of $379.35. In the determination of the deficiency respondent disallowed certain items claimed as medical expenses in the total amount of $144. The respondent has subsequently *165 conceded that of the disallowed items one representing the cost of medicines in the sum of $52 has been sustained by proof and is allowable. At the hearing no evidence was introduced with respect to the other items making up the the total of $144 disallowed by respondent. Consequently his disallowance of these items is approved. The petitioner E. M. Taylor in his work as a carpenter wears overalls. He purchased six pairs at $5 a pair during the taxable year. These are carpenter's overalls with pockets which make them convenient in carrying nails and small tools. In his work he wears an ordinary work shoe with either a composition or rubber sole, and he purchased one pair in the taxable year at $7. Also in that year he purchased a pair of overshoes at $3.50 which he wore in wet weather, and four pairs of gloves at 40 cents a pair. He ordinarily does not wear gloves. In that year he purchased two shirts at $2.50 each. These were ordinary shirts of the type worn by petitioner on the street and outside of his work. The work clothing above listed was included with the other family laundry, and the petitioner's estimate of the cost of the laundering of this particular kind of clothing *166 was 50 cents a week, or a total of $26. It is apparent that the articles of work clothing above listed do not represent in any sense a uniform. There is no evidence that such clothing was required by an employer of petitioner. It is apparent that it is clothing selected by petitioner. It is apparent that it is clothing selected by petitioner in he exercise of his own discretion for his comfort and convenience in performing his work and to avoid wear and tear on better clothing. It is clothing of a type which could be worn by petitioner outside of his work if he so desired. The cost of such clothing, including the cost of laundry thereof, does not constitute a deduction, and respondent is sustained in his disallowance thereof. Louis M. and Leora R. Roth, 17 T.C. 1450, (March 7, 1952); Harry A. Roberts, 10 T.C. 581, affirmed 176 Fed. (2d) 221. The petitioner Rose Ann Taylor is a school teacher. In the taxable year she lived at Muskogee, Oklahoma, but taught school at Haskell, Oklahoma. The distance from Haskell to Muskogee is not disclosed by the record. Petitioner Rose Ann Taylor, during that year, rode each day to and from work in the car *167 of a friend to whom she paid the sum of $10 a month toward the gas and oil used. The record does not disclose how many months during the taxable year this petitioner worked, but there is deducted as this cost of travel the sum of $90. Also deducted is the sum of $54, representing the cost of 180 midday meals consumed by this petitioner while at work. The cost of daily travel to one's place of employment and the cost of the midday meal consumed during the work day is not an allowable deduction in arriving at net income, and respondent is affirmed upon his disallowance of these deductions. Fred Marion Osteen, et al., 14 T.C. 1261; Frank H. Sullivan, 1 B.T.A. 93. Decision will be entered under Rule 50.