Henry W. Rice and Frances C. Rice v. Commissioner.
Rice v. Commissioner
Docket No. 56553.
United States Tax Court
T.C. Memo 1956-258; 1956 Tax Ct. Memo LEXIS 35; 15 T.C.M. (CCH) 1350; T.C.M. (RIA) 56258; November 20, 1956
*35 1. In 1949, petitioner Henry W. Rice became a clerk in the Post Office Department in Greenville, South Carolina. Effective November 1, 1951, he was promoted to operator of a bus between Greenville and Columbia, South Carolina, with the headout at Columbia and was required to make one round trip a day beginning and ending at Columbia. Effective August 1, 1952, he was assigned to a different route between Greenville and Augusta, South Carolina, with the headout at Greenville. Petitioner and his wife both lived in Greenville where his wife was employed as a nurse. During the first 7 months of 1952 it was necessary for petitioner to remain in Columbia on week nights. In so doing, he expended $306.25 in excess of the reimbursement he received from the Department for travel allowance. Held, that petitioner's place of employment during the year 1952 was at Greenville and that under section 23(a)(1)(A) of the 1939 Code he is entitled to deduct as traveling expenses the above amount of $306.25. 2. During the taxable year petitioner purchased an 11-year old automobile and while driving it to work the oil line broke causing all the oil to escape which in turn caused the complete ruination of *36 the motor. Petitioner sold the car for junk at a loss of $175. Held, petitioner is not entitled to deduct the loss as a "casualty" loss under section 23(e)(3) of the 1939 Code. 3. During the years 1951 and 1952, petitioner Frances C. Rice paid certain finance charges in connection with the purchase of an automobile and a refrigerator. In his brief respondent now concedes that certain portions of such charges were paid in 1952 and are deductible as "interest" under section 23(b) of the 1939 Code. Held, petitioners are not entitled to deduct any greater amounts than the amounts conceded by respondent. Henry W. Rice, 502 Dellwood Drive, Greenwood, S.C., pro se. Raymond Whiteaker, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $138.04 in income tax for the calendar year 1952. The issues are whether respondent erred in disallowing certain deductions claimed by petitioners on their joint return for 1952 for traveling expenses, casualty loss and finance charges in the respective amounts of $306.25, $175, and $132.82. Regarding the deduction claimed for finance charges, respondent concedes in his brief that petitioners are *37 entitled to a deduction for interest for the taxable year 1952 in the amount of $42.72 as the portion paid in 1952 for financing an automobile and $9.75 as the portion paid in 1952 for financing a refrigerator. Effect will be given to this concession in the computation to be made under Rule 50. Findings of Fact Petitioners are husband and wife. Their address is Greenville, South Carolina. They filed their joint income tax return for the calendar year 1952 with the director of internal revenue at Columbia, South Carolina. On this return Henry, hereinafter sometimes referred to as petitioner, stated his occupation as postal clerk and Frances stated her occupation as nurse. They each reported a certain amount as "Total Wages" from their respective occupations. Petitioner deducted from the amount of total wages reported by him the amount of $306.25 as traveling expenses. Among the itemized deductions claimed on page 3 of the return were the following: Casualty loss on 1941 Dodge not
caused by negligence and not cov-
ered with insurance
$175.00
Interest on mortgage on auto (pd.
up in '52)
120.00
Interest on mortgage on refriger-
ator (pd. up in '52)
23.44
In a statement attached to the deficiency *38 notice, respondent explained the above disallowances in language as follows: "(a) Traveling expenses of $306.25 claimed on your return have been disallowed inasmuch as you have failed to establish that this amount is deductible under the provisions of section 23(a)(1)(A) of the Internal Revenue Code of 1939. "(b) The casualty loss of $175.00 claimed on your return has been disallowed inasmuch as you have failed to establish that this amount is deductible under the provisions of section 23(e) of the Internal Revenue Code of 1939. * * *
"(e) It is held that the amount of $23.44 claimed by you on page 3 of your 1952 return as interest paid on a refrigerator is not an allowable deduction under section 23(b) of the Internal Revenue Code of 1939. In addition, it is held that of the amount of $120.00 claimed by you on page 3 of your 1952 return as interest paid on an automobile, the amount of $109.38 is not an allowable deduction under section 23(b) of the Internal Revenue Code of 1939. Accordingly, your income has been increased by the amount of $132.82." Petitioner has been employed by the United States Post Office Department since October 31, 1949. On or about October 9, 1951, petitioner *39 was furnished a notification of personnel action on Standard Form 50 by the Department. The effective date of this notification was November 1, 1951. Block 5 of this notification was captioned "5. Nature of Action (use standard terminology)" and typed in this block were the words "Transfer - Pay Adjustment." Block 8 was captioned "8. Position Title" and typed in this block were the words "From Sub. Postal Transportation Clerk, South Carolina to Operator, South Carolina." Petitioner's duties under this position were to drive a highway post office bus from Columbia, South Carolina, to Greenville, South Carolina, and return, making one round trip a day. The distance between Columbia and Greenville is over 100 miles. During the week days petitioner would remain in Columbia overnight, but on week ends he would return to his home in Greenville where he and his wife were living and where his wife was employed as a nurse. On or about July 22, 1952, petitioner was furnished another notification of personnel action effective August 1, 1952. Typed in Block 5 of this notification was the word "Transfer" and typed in Block 8 were the words "From Operator, South Carolina to Operator, South Carolina." *40 Petitioner's duties under this position were to drive a highway post office bus from Greenville to Augusta, South Carolina, and return, making one round trip a day. This distance is also over 100 miles one way. Under this new assignment petitioner lived at home during the last 5 months of 1952. During the first 7 months of 1952, when it was necessary for petitioner to remain in Columbia on week nights so that he could make the round trip to Greenville the next day, petitioner expended for meals and lodging the total amount of $503.43. Of this amount, petitioner was reimbursed by the Post Office Department to the extent of $197.18 as representing travel allowance. The difference between the amount expended and the reimbursement, or $306.25, was claimed as a deduction by petitioner on the joint income tax return as traveling expenses while away from home. Petitioner regarded the assignment with the "headout" at Columbia as temporary although there was no definite understanding at the time it was made as to how long it was to continue. The assignment was discontinued as of August 1, 1952, at which time petitioner's headout was at Greenville where he had his home. The assignment with the *41 headout at Columbia was a temporary assignment. During the taxable year 1952, petitioner's place of employment was at Greenville where he had his home. 2. In February 1952, petitioner purchased an 11-year old used automobile for $206 and bought some tires and tubes for it. Sometime during the following month, while driving to work, the oil line in the car broke, causing all the oil to escape. As a result of this breakage, the engine was completely ruined, and petitioner sold the car for junk at a price of $75 thereby sustaining a loss of $175. 3. During the years 1951 and 1952, General Motors Acceptance Corporation financed the purchase of a 1950 model automobile by petitioner Frances C. Rice who paid a total finance charge therefor of $106.78. During these same years Commercial Credit Corporation financed the purchase of a refrigerator by petitioner Frances C. Rice who paid a total finance charge therefor of $23.44. Opinion ARUNDELL, Judge: Petitioner contends he is entitled to deduct as traveling expenses under section 23(a)(1)(A) [1] of the Internal Revenue Code of 1939 the amount of $306.25 which is the excess of the amount expended by him for food and lodging over the amount for *42 which he was reimbursed while he was on the assignment with the so-called "headout" at Columbia during the first 7 months of 1952. Respondent contends that the expenditure was in the nature of personal, living or family expenses under section 24(a)(1) [2] and was not deductible. Respondent has made no contention that any part of the reimbursement constituted income to petitioner. The leading case on the question thus presented is Commissioner v. Flowers, 326 U.S. 465. In that case the Supreme Court said: "Three conditions must thus be satisfied before a traveling expense deduction may be made under § 23(a)(1)(A): "(1) The *43 expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. "(2) The expense must be incurred 'while away from home.' "(3) The expense must be incurred in pursuit of business. * * *" We think it may be conceded that petitioner meets conditions (1) and (3). In any event, respondent does not contend otherwise. His only contention is that petitioner does not meet condition (2). In Raymond E. Kershner, 14 T.C. 168, 174, in considering condition (2), we stated: "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed. Commissioner v. Flowers, 326 U.S. 465; Moses Mitnick, 13 T.C. 1; Walter M. Priddy, 43 B.T.A. 18; Mort L. Bixler, 5 B.T.A. 1181." In the instant case the respondent contends that the facts clearly indicate that petitioner's post of duty during the first 7 months of 1952 was in Columbia for the reason that his daily trip originated and terminated there and he found it necessary to stay there except for week ends. We think, however, under the circumstances *44 set out in our Findings, petitioner's assignment with his so-called "headout" in Columbia must be regarded as temporary and we have so found as a fact. For several years prior to 1952 petitioner was employed by the Post Office Department as a clerk in Greenville where he and his wife lived and where his wife was employed as a nurse. Effective November 1, 1951, he was promoted to the position of operator and given the assignment to drive a bus from Columbia to Greenville and return. At the time of this promotion, there was no definite understanding as to how long the headout would remain in Columbia. Effective August 1, 1952, petitioner was given another assignment as operator to drive a bus between Greenville and Augusta with his headout in Greenville. In James E. Peurifoy, 27 T.C. - (Oct. 31, 1956) we said: "Each case must be decided upon the basis of its own facts and circumstances, including those relating to the known or contemplated duration of the work, the taxpayer's intent with regard to the maintenance or establishment of business headquarters, and any facts that develop during the course of the employment. * * *" Upon the record in the instant case, we think that since petitioner *45 began his employment with the Post Office Department in Greenville several years before the taxable year, since he and his wife established their home in Greenville, since his promotion was to a position of operator of a bus between Greenville and Columbia, since it was not known at the time how long the so-called "headout" would be from Columbia, and since petitioner's headout was in fact moved to Greenville during the taxable year, under those circumstances it would not be reasonable to expect petitioners to shift their residence to Columbia or to regard Columbia as their "home" for tax purposes. We think the circumstances show that the assignment with the headout at Columbia was in fact a temporary one. We hold petitioner is entitled to deduct the amount of $306.25 as traveling expenses under section 23(a)(1)(A) of the 1939 Code. James E. Peurifoy, supra. 2. Is petitioner entitled to deduct as a "casualty" loss under section 23(e)(3) of the 1939 Code the loss resulting from the breakage of the oil line in his automobile thus causing the escape of the lubricating oil and the resultant ruination of the motor? The cited statute provides that there shall be allowed as deductions losses *46 sustained during the taxable year not compensated for by insurance or otherwise "if the loss arises from fires, storms, shipwreck, or other casualty, or from theft." The parties are in agreement as to the amount of the loss and the only issue is whether it is allowable. In Ray Durden, 3 T.C. 1, we had occasion to consider the meaning of the term "casualty" and said: "Under the doctrine of ejusdem generis, it is necessary to define the word 'casualty' in connection with the words 'fires, storms, shipwreck' immediately preceding it. 'Casualty' has been variously defined, including 'an undesigned, sudden and unexpected event' - Webster's New International Dictionary; also as 'an event due to some sudden, unexpected or unusual cause' - Matheson v. Commissioner, 54 Fed. (2d) 537. The term 'casualty' 'excludes the progressive deterioration of property through a steadily operating cause.' Fay v. Helvering, 120 Fed. (2d) 253; also, 'an accident or casualty proceeds from an unknown cause or is an unusual effect of a known cause. * * * Shearer v. Anderson, 16 Fed. (2d) 995, and Regulations 103, section 19.23(e)-1, approves as a deductible item loss occasioned by damage to an automobile *47 and resulting from the faulty driving of the taxpayer or another operating the automobile, or from the faulty driving of another automobile colliding with it. In Anderson v. Commissioner, 81 Fed. (2d) 457, it is held, under section 23(e)(3), that losses arising from ordinary highway mishaps may be deducted even though caused by the negligence of the taxpayer. * * * the prime element is that of suddenness as opposed to some gradually increasing result. * * *" In the instant case, we agree with the respondent that consideration should be given to the age of the car, 11 years, and that petitioner has made no showing the damage to the motor was due to the invasion of some hostile force rather than from the progressive deterioration of the automobile. Fay v. Helvering (C.A. 2, 1941) 120 Fed. (2d) 253. In that case the Court, in speaking of "Casualty," stated "That word denotes an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause." We hold that the loss claimed is not allowable. 3. The third issue is whether petitioners are entitled to deduct on their joint return for 1952, under section 23(b) *48 of the 1939 Code, any part of the finance charges set out in our Findings. As stated elsewhere in this report, respondent has made certain concessions regarding this issue. Those concessions will be given effect under Rule 50. We hold that petitioners have not shown they are entitled to deduct any greater amounts as interest than the amounts now conceded by respondent in his brief. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses - (1) Trade or Business Expenses. - (A) In General. - * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * * ↩
2. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x)↩; * * *