John W. and Amy Scott v. Commissioner.
Scott v. Commissioner
Docket No. 54953.
United States Tax Court
T.C. Memo 1956-274; 1956 Tax Ct. Memo LEXIS 19; 15 T.C.M. (CCH) 1431; T.C.M. (RIA) 56274; December 12, 1956
*19 Held, that the petitioner is entitled in 1951 to a casualty loss deduction of $4,000 under section 23(e)(3) of the Internal Revenue Code of 1939 because of damage to his property caused by a storm. Held, further, that petitioner is not entitled to the deduction of a casualty loss in the year 1952. Also held that the petitioner has not shown that he is entitled to deduct any greater amount for business entertainment and promotion expense than determined by the respondent. John W. Scott, Esq., Union Commerce Building, Cleveland, Ohio, for the petitioners. Maurice B. Townsend, Jr., Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the petitioners' income taxes for *20 the calendar years 1951 and 1952 in the respective amounts of $968.16 and $646.61. The questions presented relate to the deductibility of amounts claimed by the petitioners as casualty loss deductions and amounts claimed as business entertainment and promotion expenses for those years. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. The petitioners are husband and wife who reside at 15100 Edgewater Drive, Lakewood, Ohio. The returns for the periods involved were filed with the collector of internal revenue for the 18th district of Ohio at Cleveland. The term "petitioner" when hereinafter used will refer to John W. Scott. The petitioner's residence property abuts Lake Erie. Originally the property on the lake side ran back to a sheer cliff of some 60 feet down to the lake. The prior owner dumped fill dirt down the side of the cliff and made an embankment forming a gradual slope from the top of the cliff down to the water line. This embankment was protected from erosion by a stone breakwater extending out into the lake which formed a little harbor for small boats and served to keep out the heavy seas. An inner wall of concrete *21 was located at the base of the slope to form a further protection for the embankment against erosion. The area between the inner wall and the embankment was filled with sand to give the embankment additional support. The embankment was landscaped and terraced, some of which had been done by the petitioner after he acquired the property. The property, including the house and the breakwater and inner wall had been purchased for $35,000. On July 5, 1951, a storm blew in from the lake with winds ranging between 25 and 48 miles per hour in velocity. Damage resulted to the petitioner's property as a result of the storm, consisting of the dislodging of two large stones in the breakwater, and the washing out and destruction of the inner wall. The sand and a considerable portion of the bank also was washed out. The petitioner and his son did some repair work on a part of the breakwater and restored the inner wall, but it did not hold up because they could not make the necessary repairs to the breakwater. The inner wall was again washed out and there is little if anything left of it. Because the area is inaccessible to land equipment, it would be necessary to bring in equipment by water *22 in order properly to repair the damaged breakwater and inner wall. Marine construction companies would charge a minimum of $8,000 for repairing the damage to the breakwater and inner sea wall, but the petitioner has never had this done. No damage occurred to the house, which is set back from the lake front. Because of the fact that the breakwater and inner wall have not been properly repaired the bank has continued to wash away and faults have appeared on the hillside as far up as the back yard of the upper level. The petitioner claimed deductions of $4,500 and $2,500 as casualty losses resulting from the storm of July 5, 1951, in his income tax returns for the calendar years 1951 and 1952, respectively. In his notice of deficiency the respondent allowed $1,000 as a casualty loss deduction for 1951, but disallowed the total amount claimed as a casualty loss deduction for 1952. The petitioner sustained a casualty loss of $4,000 in the year 1951. He sustained no casualty loss in 1952. The petitioner is a practicing attorney and is also engaged in another business. His law practice is confined to corporation work. He became a member of the Cleveland Athletic Club over 10 years ago *23 where he entertains persons in connection with his law business. Most of his legal business is derived from his associations at the club. He eats lunch there every day he is in town but does not entertain on each such occasion. He bowls there every Wednesday night. All money which the petitioner spends at the club, including his dues in the amount of about $200 per year, are claimed as deductible expenses, except certain expenditures which he makes there on behalf of a corporation which are reimbursed by the corporation and segregated from his own expenditures. In 1951 and 1952 the amounts expended at the club and claimed as deductions on account of entertainment expenses amounted to $1,845.14 and $1,557.66 respectively. The respondent in the deficiency notice disallowed one-half of the climed entertainment expense deductions for each of the years 1951 and 1952. Opinion ATKINS, Judge: The first issue relates to the amount which the petitioner is entitled to deduct as a casualty loss under section 23(e)(3) of the Internal Revenue Code of 1939[1] for the years 1951 and 1952 on account of a storm in 1951. The respondent has disallowed the amount claimed by the petitioner for 1951, *24 except to the extent of $1,000 and has determined that there was no casualty loss in 1952. Under section 23(e)(3) the measure of the loss sustained is the difference between the value of the property immediately preceding the casualty and its value immediately thereafter, limited, however, to the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468. The land and improvements are treated as a unit with no separate basis apportioned to either, specifically, in determining the amount of the deductible loss. Harry Johnston Grant, 30 B.T.A. 1028. Here the evidence shows that the cost of the whole property, including the breakwater and the inner wall, was $35,000. There is no evidence fixing the value of the property *25 before and after the storm, although the petitioner testified that the difference in value of the property before and after the storm was greater than the amount claimed in his return for 1951. Testimony was adduced to show that it would have cost a minimum of $8,000 to have had a marine construction company repair the breakwater and replace the inner wall. This evidence of estimated cost of repair does not establish the amount of the deductible loss. See Samuel Greenbaum, 8 B.T.A. 75, and, and Samuel Towers, 24 T.C. 199. However, we are satisfied from the evidence that the petitioner did, in 1951, sustain a loss of value of his property as a result of the storm. Using our best judgment, we have found as a fact, and hold, that such loss in value was $4,000 in 1951 and that the petitioner is entitled to a deduction in that amount for that year. Cf. Cohan v. Commissioner, 39 Fed. (2d) 540. It is true there is no proof as to whether the loss was compensated for by insurance or otherwise, but no question has been raised about this by the respondent on brief or elsewhere, and, as stated, he has allowed the casualty loss of $1,000 for the year 1951. *26 It is our opinion that the petitioner is not entitled to any deduction for the year 1952 on account of casualty loss. Casualty losses are those due to some sudden, unusual, or unexpected cause and not to the gradual deterioration due to the ordinary action of the elements. Matheson v. Commissioner, (C.A. 2) 54 Fed. (2d) 537, affirming 18 B.T.A. 674, and Ray Durden, 3 T.C. 1. Cf. Leslie C. Dodge, 25 T.C. 1022. The evidence here indicates that any damage resulting to the petitioner's property after the storm in 1951 was caused by a gradual deterioration due to the steadily operating action of the elements. There is no showing that there was a direct connection between the storm and any subsequent damage sustained in 1952. We sustain the respondent in his disallowance of a casualty loss for the year 1952. The petitioner claims that all the amounts which he expended at the Cleveland Athletic Club were business entertainment and promotion expenses and are deductible under section 23(a)(1)(A) of the Internal Revenue Code of 1939.[2] He testified that at least 85 per cent of his legal practice is derived from his association with persons *27 he has met at the club. We have no reason to doubt that this is so. Nor do we doubt that a large part of the amounts expended were for the purpose of entertaining clients or for otherwise furthering his business interests. On the other hand, he testified that he ate lunch at the club every day he was in town, but that he did not entertain on each such occasion, and that he bowled there once each week. He has not adduced evidence upon which we can find what portion of the expenditures was for business purposes and what portion constituted the cost of the petitioner's meals and entertainment which are necessarily personal in nature and rendered nondeductible by the provisions of section 24(a)(1) of the Internal Revenue Code of 1939. As stated in Richard A. Sutter, 21 T.C. 170: "* * * When a taxpayer in the course of supplying food or entertainment or making other outlays customarily regarded as ordinary and necessary includes an amount attributable to himself or his family, such as the payment for his own meals, is that portion of the expenditure an ordinary and necessary business expense on the one hand or a nondeductible personal item on the other? "It seems to us *28 that while each situation will of course be governed by its individual facts the general principle necessarily emerges somewhat as follows: The cost of meals, entertainment, and similar items for one's self and one's dependents, at least if not incurred while away from home in the pursuit of one's business, see section 23(a)(1)(A), Internal Revenue Code, is ordinarily and by its very nature personal expenditures forbidden deduction by section 24(a)(1). The presumption, no doubt rebuttable, must accordingly arise that such costs are nondeductible. In addition to the burden imposed by the necessity of overcoming respondent's determination we think the presumptive nondeductibility of personal expenses may be overcome only by clear and detailed evidence as to each instance that the expenditure in question was different from or in excess of that which would have been made for the taxpayer's personal purposes. Where such evidence is absent we conclude that even under the Cohan rule no amount whatever for such expenses may properly be claimed." *29 Here the respondent has allowed one-half of the claimed expenditures as deductible business expenses. On the record before us we cannot find or hold that a greater proportion should be allowed. The respondent's determination in this respect will not be disturbed. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - * * *
(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * *↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩