Sid J. and Fern A. Klawitter v. Commissioner.
Klawitter v. Commissioner
Docket No. 273-71.
United States Tax Court
T.C. Memo 1971-289; 1971 Tax Ct. Memo LEXIS 44; 30 T.C.M. (CCH) 1231; T.C.M. (RIA) 71289; November 9, 1971, Filed. Sid J. Klawitter, pro se, 12340-40th Ave. N. E. Seattle, Wash. Millard D. Lesch for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $451.56 in petitioners' Federal income tax for the year 1968. Petitioners conceded the correctness of respondent's adjustment with respect to a claimed interest expense deduction. The only issue for decision is whether the petitioners are entitled to a casualty loss to their personal *45 residence under the provisions of section 165(c)(3), Internal Revenue Code of 1954. Findings of Fact Some of the facts are stipulated and are found accordingly. Sid J. and Fern A. Klawitter (herein called petitioners) are husband and wife whose legal residence was Seattle, Washington, when they filed their petition in this proceeding. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue for the district of *46 Washington. In 1965 the petitioners purchased their personal residence located at 12340 20th Avenue, N.E., Seattle, Washington. It was then about 11 years old. The pressed oil road on which petitioners live does not have any curbs. Their concrete driveway, which is on the northwest corner of the property, slants down about three degrees toward the garage. Just before the garage door there is a drain. Water drains into the drain tiles and then off on gravel material. In January and February 1968, following heavy rain and snow, clogged drain tiles caused the garage floor to split about three and a half inches in width and about five inches in depth. This also caused sudden earth movement under the northwest corner of the house. That part of the house settled, thus resulting in damage which caused a decline in the fair market value of the house in the amount of $2,236. Later in 1968 petitioner Sid J. Klawitter attempted to jack up the settled side of the house and in doing so split the plaster in the upstairs rooms and did some other damage. On their 1968 Federal income tax return the petitioners claimed a casualty loss of $2,136 from an "earthquake," although they intended to say *47 "earth movement." This was disallowed by respondent because "it has not been established that the alleged loss resulted from a casualty within the meaning of section 165 of the Internal Revenue Code." Opinion The parties agree that petitioners suffered a loss of $2,236 as a result of the damage caused by the settling of the northwest corner of petitioners' personal residence. Respondent contends, however, that what occurred under these circumstances was not a "casualty" within the meaning of section 165(c)(3)[1] because it was not an "event" 1232 due to some "sudden, unexpected or unusual cause." We think respondent takes too narrow a view of the statute in the light of these facts. *48 It is clear from the various climatological data in evidence that there was rather heavy precipitation (rain and snow) from the middle of January to early February. The supporting soil was washed away, causing the northwest corner of the house to sink. In our judgment this involved a sudden and violent movement of earth that was, at least to petitioners, cataclysmic in character. Cf. Harry Johnston Grant, 30 B.T.A. 1028 (1934); Ray Durden, 3 T.C. 1 (1944); Tank v. Commissioner, 270 F. 2d 477 (C.A. 6, 1959); Harry Heyn, 46 T.C. 302 (1966); Ferris v. United States (D.C.Vt. 1962), 62-1 USTC 9448; and Delbert P. Hesler, T.C. Memo. 1954-176. That it might have been prevented by the exercise of due care by petitioners is a factor which we think does not require that it be denied classification as a casualty. Accordingly, we hold that the sudden "earth movement" was a "casualty" within the meaning of section 165(c)(3) and that the petitioners are entitled to a casualty loss deduction of $2,136 ($2,236 less the $100 floor). To reflect the concession made by petitioners, Decision will be entered under Rule *49 50. Footnotes
1. Sec. 165(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to -
* * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return. ↩