T.C. Memo. 1998-272

UNITED STATES TAX COURT

JUDITH E. STEPHENSON FAST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5371-96.                    Filed July 27, 1998.

Judith E. Stephenson Fast, pro se.

<u>Susan K. Greene</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined a deficiency of $14,704

in petitioner's 1993 Federal income tax, an addition to tax under

section 6651(a)[1] of $1,476.75, and an addition to tax under section 6654(a) of $206.50.

After concessions,[2] we must decide the following issues:

(1) Whether petitioner is entitled to certain business expense deductions. We hold that she is, to the extent discussed below.

(2) Whether petitioner is entitled to a charitable contribution deduction. We hold that she is, to the extent discussed below.

(3) Whether petitioner is entitled to a casualty loss deduction. We hold that she is not.

(4) Whether petitioner is entitled to a bad debt deduction. We hold that she is not.

(5) Whether petitioner is liable for an addition to tax under section 6654(a). We hold that she is, to the extent discussed below.

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner has conceded that she is liable for the addition to tax under sec. 6651(a).

Petitioner did not file a return for 1993 prior to respondent's issuance of the notice of deficiency. In her 1993 return subsequently submitted, petitioner claimed a deduction with respect to an individual retirement account. The parties have not addressed this issue, and we accordingly treat the deduction as conceded by petitioner.

Some of the facts have been stipulated and are so found. We incorporate by this reference the stipulation of facts, supplemental stipulation of facts, and attached exhibits. At the time of filing the petition, petitioner resided in Houston, Texas.

Business Expenses

Petitioner was employed as a faculty educator by San Jacinto Junior College and as a registered nurse by Eastway General Hospital. Also, she taught a review course on nursing for Health Education Systems and contributed to a review textbook as part of her Schedule C business, Health Care Consultations. Petitioner has a doctorate in public health and is a registered nurse.

Petitioner attended an International Conference on Women's Health in the People's Republic of China from March 27 to April 8, 1993, at which she had been invited to present a paper. The Conference was sponsored by the Chinese Medical Association and the Foundation for International Cooperation and Development and was devoted to public health issues affecting women. The participants in the Conference were public health professionals from around the world. Petitioner spent 2 days attending the formal Conference proceedings that included panel sessions and the presentation of papers, including hers. On 7 of the remaining 11 days, the Conference participants, including petitioner, made Conference-sponsored trips to medical facilities

and met with Chinese health officials, for either half of the day or for the entire day. Two days, Thursday, April 1, and Saturday, April 3, were fully devoted to sightseeing. Respondent argues that the expenses of the trip were not "ordinary and necessary" business expenses within the meaning of section 162(a) and that petitioner did not substantiate the deductions under section 274(d).

The regulations provide that travel expenses are deductible only if the trip is related primarily to the taxpayer's business. Sec. 1.162-2(b)(1), Income Tax Regs. One of the important factors in deciding whether a trip is primarily business or personal is the amount of time spent on each activity. Sec. 1.162-2(b)(2), Income Tax Regs. In an example in the regulations, if 1 week is spent on business and 5 are spent on vacation, the trip is primarily personal. Id. Thus, if one-sixth of the time is spent on business and the rest is personal, the trip is primarily personal. Further, the regulations provide that expenses paid or incurred in attending a convention may be ordinary and necessary depending on the facts and circumstances of each case. Sec. 1.162-2(d), Income Tax Regs.

Based on our review of the record, we believe that respondent's efforts to portray petitioner's trip to China as a personal sightseeing junket are unavailing. While it is true that she spent a certain amount of time touring the Great Wall

and other sites of interest, a far greater proportion of her time was spent visiting hospitals and medical clinics accompanied by Chinese health officials or participating in the formal presentation of papers. Visiting medical facilities is not personal recreation. On the contrary, we believe it bears a direct relation to petitioner's work as an educator in the public health field and is accordingly an ordinary and necessary business activity with respect to petitioner. Consequently, her travel to China and participation in the Conference activities were primarily for business reasons within the meaning of the regulations. As a result, we conclude that the following expenses claimed by petitioner were "ordinary and necessary" within the meaning of section 162(a): airfare to China, the Conference fee ("delegation fee"), visa fee, books regarding China, travel insurance, slides for presentations, tips, breakfast, taxi, customs fees, parking, three meals, and a beverage. Petitioner also claimed several additional expenses with respect to the China trip that were purely personal or living expenses which are not deductible under section 262(a). Respondent's disallowance of these expenses is sustained.

Respondent has also challenged the China trip expenses on the grounds that they have not been substantiated in accordance

with section 274(d).[3]  On this record, we believe that petitioner
has, by means of the receipts, Conference itinerary, and other
Conference materials introduced into evidence, substantiated all
of the expenses found to be ordinary and necessary above, see
sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg.
46020 (Nov. 6, 1985), except the delegation fee.  Under section
274(d), one of the elements that the taxpayer must prove with
respect to an expenditure for travel away from home is the

> Amount of each separate expenditure for traveling away
> from home, such as cost of transportation or lodging,
> except that the daily cost of the traveler's own
> breakfast, lunch, and dinner and of expenditures
> incidental to such travel may be aggregated, if set
> forth in reasonable categories, such as for meals, for
> gasoline and oil, and for taxi fares.  [Sec. 1.274-
> 5T(b)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg.
> 46014 (Nov. 6, 1985).]

Petitioner indicated on the Conference materials she introduced
into evidence that the delegation fee covered some meals during
the Conference.  We also note that although petitioner spent 12
days in China in connection with the Conference, there is no
stated expense for lodging.  Likewise, although Conference events
occurred in four different cities, there is no stated expense for
travel within China.  Given that the delegation fee was $3,400,
it is obvious that it covered more than meals.  Based on the

---

[3] Respondent has not challenged the expenses of the China
trip under sec. 274(c), (h), (m)(2), or (n).  We consequently do
not address the extent to which these provisions may limit
petitioner's deductions.

record, we find that the delegation fee also covered lodging and travel within China. Neither the meals, lodging, or travel expenses covered by the delegation fee have been separately accounted for, as required by section 1.274-5T(b)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Thus, these amounts are not deductible. While we also believe that some portion of the delegation fee likely represented a fee for attending the conference, there is no evidence in the record from which we might discern that portion, as distinguished from amounts subject to section 274(d)'s limitations. Accordingly, the entire fee is disallowed under section 274(d).

Petitioner claimed a deduction for job-hunting expenses in the amount of $2,372.96. Respondent argues that the trips were primarily personal in nature. Petitioner took five trips during the year in issue during which she interviewed for positions in the health field. On all the trips, she stayed with colleagues or friends. The first trip was to San Francisco. She had a 1-day interview and stayed in San Francisco from March 14 through March 17. The second trip was to Beckley, West Virginia. Petitioner had a 1-day interview and stayed in Beckley from July 1 to July 6. Petitioner has family in West Virginia. The third trip was to Los Angeles, California. Petitioner again had a 1-day interview and stayed in Los Angeles from July 6 to July 11. The fourth trip was to Los Angeles, beginning November 27.

She interviewed for about 2 hours and stayed for about 2 or 3 days, including Thanksgiving. The fifth trip was to Charleston, West Virginia. Petitioner again had a 1-day interview and stayed in Charleston from December 23 to December 29.

As noted above, the regulations provide that travel expenses are deductible only if the trip is related primarily to the taxpayer's business, sec. 1.162-2(b)(1), Income Tax Regs., and an important factor in determining this is the amount of time spent on personal activities compared to the time spent on activities related to the taxpayer's trade or business. Sec. 1.162-2(b)(2), Income Tax Regs. Respondent concedes that petitioner has substantiated the expenses in question. However, petitioner has failed to demonstrate that three of the trips in question, namely, the July trip to Beckley, the July trip to Los Angeles, and the December trip to Charleston, were not primarily personal. In the case of these three trips, each was at least 5 days long, even though the job interview that occurred during each trip was only for 1 day. Petitioner has failed to show that any of the remaining time, other than the time during interviews, was spent on business rather than personal activities. Moreover, two of these three trips occurred over major holidays. We find that these trips were primarily personal in nature, and accordingly petitioner is not entitled to deduct any of the travel costs associated with them.

We find that the remaining two trips were primarily for business. For the November trip to Los Angeles, petitioner spent only 2 or 3 days there. Even though the trip occurred over Thanksgiving, we think that 3 days was a reasonable period to spend for an interview at that distance from her home in Houston, and we hold that petitioner is entitled to deduct the roundtrip airfare expense of the trip. She is not entitled to deduct the expenses of a side trip from Los Angeles to San Jose and back, because she has not demonstrated a business purpose for this side trip. For the March trip to San Francisco, petitioner spent 3 days in San Francisco and interviewed for 1 day. We think this was a reasonable period to spend for the interview, and we hold that petitioner is entitled to deduct the airfare expense to San Francisco. She is not entitled to deduct any additional costs associated with the trip to San Francisco because she has not demonstrated a business purpose for them.

Petitioner claims a deduction for local transportation of $448 in connection with her teaching job. Respondent argues that her employer would have reimbursed the expenses. Petitioner was required to travel from San Jacinto Junior College to Ben Taub Hospital and back for clinical work related to her nursing students. Petitioner could have received reimbursement from her employer with respect to the expenses of traveling from the college to the hospital. If a taxpayer was eligible for

reimbursement from his or her employer, even though not obtained, the expense is not deductible. <u>Stolk v. Commissioner</u>, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964); <u>Orvis v. Commissioner</u>, T.C. Memo. 1984-533, affd. 788 F.2d 1406 (9th Cir. 1986).

Petitioner claims other business expenses in the amount of $7,210.54. She has presented no receipts or other evidence that she actually incurred the expenses. Her substantiation consists of a listing of the expenses she prepared shortly before trial, which was admitted as a summary of her testimony. Thus, petitioner has not substantiated the expenses and is not entitled to a deduction. See sec. 1.162-17(d)(2), Income Tax Regs.

Charitable Contribution

Petitioner claims a charitable contribution deduction of $6,600. Respondent argues that she has not substantiated the deduction. In her return, petitioner claimed a $4,600 noncash charitable contribution deduction; in a conference with the IRS after the return was filed, she claimed an additional $2,000 deduction. Of the $4,600 deduction claimed on the return, $4,000 was for clothing. The additional $2,000 deduction was also for clothing. The remaining $600 was for various items such as furniture, electronic equipment, and household appliances.

Under the regulations, substantiation requirements for gifts of property other than money vary depending on the amount of the

deduction claimed.  The regulations set up three tiers of deductions, for amounts up to and including $500, greater than $500 but less than $5,000, and greater than $5,000, and require greater substantiation for each tier.  See sec. 1.170A-13, Income Tax Regs.  The third tier applies to "any charitable contribution * * * of property * * * if the amount claimed or reported as a deduction under section 170 with respect to such item exceeds $5,000."  Sec. 1.170A-13(c)(1), Income Tax Regs.  For purposes of this threshold, the aggregate amount claimed for items of "similar property" is considered.  Sec. 1.170A-13(c)(1)(i), Income Tax Regs.  One of the categories of similar property is clothing.  Sec. 1.170A-13(c)(7)(iii), Income Tax Regs.  Because petitioner claimed a deduction for clothing in the amount of $6,000, she must meet the requirements of the third tier with respect to clothing.  For the third tier, the taxpayer must obtain a qualified appraisal to substantiate the deduction.  Sec. 1.170A-13(c)(1), Income Tax Regs.  Petitioner has presented no appraisal of any kind and is therefore not entitled to a deduction for the clothing.

The remaining $600 in claimed noncash contributions, which is the total estimate for several household items, has been substantiated as required by the regulations.  Since petitioner has not claimed a single item or category worth more than $500, the regulations covering noncash contributions of $500 or less

are applicable.  See sec. 1.170A-13(a)(1), Income Tax Regs.

Under that regulation, the taxpayer need only have a receipt from

the donee containing the name and address of the donee, the date

and place of the contribution, and a description of the property.

Sec. 1.170A-13(b)(1), Income Tax Regs.  We find that petitioner

has satisfied the requirements of section l.170A-13(a)(1), Income

Tax Regs., with respect to the remaining items and is entitled to

a $600 charitable contribution deduction.

Casualty Loss

Petitioner claims a casualty loss deduction in the amount of

$710.38.  Respondent argues that the loss in question was not a

casualty but instead deterioration, and that petitioner has in

any event presented no evidence of the amount of the loss.

Petitioner experienced flooding in one room of her house that was

lower than the rest of the structure.  Such flooding had not

occurred prior to 1993, but in that year it happened several

times during a 1- to 2-month period.  Section 165(c)(3) allows a

deduction for losses arising from "fire, storm, shipwreck, or

other casualty".  A casualty is a sudden, unexpected loss, not

steady deterioration over time.  Durden v. Commissioner, 3 T.C. 1

(1944).  We need not decide whether petitioner's loss was a

casualty, because we find that she has not proved the amount of

the loss.  The measure of the deduction is the difference in the

fair market value of the house before and after the loss, not to

exceed adjusted basis.  Lamphere v. Commissioner, 70 T.C. 391, 395 (1978).  Ordinarily an appraisal is required.  Sec. 1.165-7(a)(2)(i), Income Tax Regs.  The regulations also permit the cost of repairs as evidence of the amount of the loss.  Sec. 1.165-7(a)(2)(ii), Income Tax Regs.  However, this must be the cost of repairs actually made, not the estimated cost of repairs.  Lamphere v. Commissioner, supra at 396.  Petitioner has introduced no appraisal and no evidence of repairs actually made.  Thus, she is not entitled to the deduction.

Bad Debt

Petitioner claims a bad debt deduction in the amount of $750.  Respondent argues that petitioner has not proved that the debts were worthless and that petitioner did not include the $750 in income.  Petitioner taught some students in a nursing review course, and they did not pay her the $750 they had agreed on.  Petitioner did not include the $750 in income.  Section 166(a)(1) permits a deduction for debts that become worthless in the year in issue.  Petitioner has provided no evidence that the debts became worthless during the year in issue.  See sec. 1.166-2, Income Tax Regs.  Moreover, to be entitled to a bad debt deduction, petitioner must have included the $750 in income either in 1993 or in some previous year.  Sec. 1.166-1(e), Income Tax Regs.  She did not, and therefore she is not entitled to the deduction.

Addition to Tax

Petitioner has not shown that she qualifies for any of the exceptions to the addition to tax under section 6654(a) and the extent, if any, of her liability for this addition to tax will be computed under Rule 155.

To reflect the foregoing,

Decision will be entered

under Rule 155.