HARRY BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 42430.   Filed October 29, 1954.

*Fred M. Williams, Jr., Esq.*, for the petitioner.

*Frederick T. Carney, Esq.*, and *J. Frost Walker, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* Although petitioner deducted $15,065.15 in his return for 1947 as a loss resulting from the fire, he conceded at the hearing, and respondent agreed, that the loss not compensated for by insurance was $3,634.92. Allowance of the deduction taken is now sought by petitioner only to the extent of the latter amount.

The single question for determination is whether the petitioner's loss was sustained in 1947, as he contends, or in 1946 when the fire occurred, as respondent contends. The pertinent portion of the Internal Revenue Code of 1939 is set out below.[1]

In support of his position that the loss in question was sustained in 1947, the petitioner contends that, because of the investigations by the fire marshals and an investigator for the insurance companies to ascertain if arson had been committed in connection with the fire, he had a serious doubt as to whether he would be able to recover on the insurance policies, and that it was not until April 5, 1947, when all the policies had been paid in full, that he was able to determine what loss he had sustained. The respondent urges that the investigations made by the fire marshals and the investigator for the insurance companies afford no basis for concluding that in 1946 or afterwards there was a reasonable doubt that the petitioner would recover the full amount of the insurance policies. He further urges that since the petitioner's property was not insured for the full amount of its adjusted basis, and since the building and its contents were a total loss, the petitioner readily could have ascertained in 1946 that he had sustained a loss

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

*     *     *     *     *     *     *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business ;   *   *   *

as the result of the fire and also the amount of the loss and that, therefore, the loss was sustained in 1946 and should have been deducted by petitioner in his return for that year.

In considering the question of whether a loss was in fact sustained in a given year, the Supreme Court in *Boehm* v. *Commissioner*, 326 U. S. 287, said:

Such an issue of necessity requires a practical approach, all pertinent facts and circumstances being open to inspection and consideration regardless of their objective or subjective nature. As this Court said in *Lucas* v. *American Code Co.*, 280 U. S. 445, 449, "no definite legal test is provided by the statute for the determination of the year in which the loss is to be deducted. The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test."

The standard for determining the year for deduction of a loss is thus a flexible, practical one, varying according to the circumstances of each case. The taxpayer's attitude and conduct are not to be ignored, but to codify them as the decisive factor in every case, is to surround the clear language of § 23 (e) and the Treasury interpretations with an atmosphere of unreality and to impose grave obstacles to efficient tax administration.

Respecting the probability of his recovery in full on the insurance policies, the petitioner testified that from the time of the fire until some undisclosed time in January 1947, when he had been interviewed by a fire marshal and by the investigator for the insurance companies, he had no doubt whatever but that he would recover the full amount of insurance under each of his policies; that after such interviews he was in doubt as to collecting on the policies, and that such doubt continued until an undisclosed date in February 1947 when he was requested to sign proofs of loss to be filed with the insurance companies; and that, after such request, he did not have any doubt as to full recovery on the policies. Since it does not appear that the investigations by the fire marshals and the investigator for the insurance companies disclosed any evidence of arson, and since the petitioner was not accused of arson and is not shown to have been suspected of it, we are unable to see why the fact that such investigations were made would create any doubt as to petitioner's recovery on the insurance policies. So far as disclosed, the investigations were of an ordinary and routine type made where buildings were destroyed by a fire which had no apparent origin.

Three of the insurers made full payment of their liability shortly after petitioner filed proofs of loss with them. Although payment of liability by the other two insurers was not made so promptly after petitioner filed proofs of loss with them, yet, so far as appears, they made payment in full well within the time agreed upon therefor in the policies issued by them.

The situation here is unlike those presented in *Commissioner* v. *Harwick*, 184 F. 2d 835, affirming a Memorandum Opinion of this

Court, and *Allied Furriers Corporation*, 24 B. T. A. 457, relied on by petitioner. In the *Harwick* case the taxpayer sustained a loss as a result of a shipwreck which occurred in 1943 and claimed the right to be compensated therefor by insurance. The insurers neither admitted nor settled their liability until 1944, when partial liability was agreed to and satisfied. It was held that 1944 was the year of the loss. Prior to 1944 the taxpayer did not know whether or to what extent he had a right to be compensated for the damage which had occurred. Until 1944 the existence of the loss was, as to him, still an open question. In the *Allied Furriers Corporation* case the taxpayer sustained a loss as a result of a burglary which occurred in 1924. The taxpayer claimed the right to be compensated therefor by insurance, but the insurer denied liability. Thereupon the taxpayer brought suit against the insurer, which was decided adversely to the taxpayer in 1928. There, we held that 1928 was the year of the loss. Until the adverse court decision the taxpayer did not know whether or to what extent it had a right to be compensated for the burglary. Consequently, until 1928 the existence of the loss was as to it an open question.

The loss here sought as a deduction did not arise from the failure of an insurer to answer in full under a policy of insurance. It arose because petitioner did not have insurance in an amount sufficient to cover it. In *Commissioner* v. *Highway Trailer Co.*, 72 F. 2d 913, certiorari denied 293 U. S. 626, rehearing denied 294 U. S. 731; the taxpayer suffered a fire in 1921 which resulted in a loss amounting to approximately $166,000 in excess of the insurance coverage. In the same year the taxpayer brought suit for the full $166,000 against the electric company which had furnished it power claiming that the company was responsible for the loss not covered by insurance. In 1925 the suit was finally decided adversely to the taxpayer. In holding that no part of the loss of $166,000 was deductible in 1924 or 1925, but that the full amount of it was sustained in 1921 and was deductible in that year, the court said:

Where, as in the case at bar, an actual physical loss occurs, resulting in a certain definite, fixed amount of damage, it seems better practice to allow the deduction for that entire amount of damage (not covered by insurance) in the year in which the loss actually occurs, according to the rule in the White Dental Case [*United States* v. *S. S. White Dental Manufacturing Co.*, 274 U. S. 398], rather than to defer it until subsequent events indicate whether or not a recovery is to be had from other parties for a part of the loss. We think that this does not conflict with the rule of the Huff Case, supra [*Burnet* v. *Huff*, 288 U. S. 156], that "the loss 'must be actual and present,'" because the loss is actual and present as soon as the physical damage occurs, as distinct from the situation where the loss claimed arises from a liability which may or may not ever materialize.

It appears to us that the test applied in the *Highway Trailer Co.* case is a practical one and that the rule there stated is proper. From a consideration of the situation presented here in the light of the holding of the court in that case, we think the decision there is applicable and determinative here. Consequently, we conclude that the loss here sought as a deduction was sustained by petitioner in 1946 and that the respondent did not err in denying any deduction therefor in 1947.

*Decision will be entered for the respondent.*