CADE L. AND BETTY R. AUSTIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4971–79.        Filed September 18, 1980.

*Cade L. Austin,* pro se.
*Dean F. Chatlain,* for the respondent.

IRWIN, *Judge:* By letter dated January 17, 1979, respondent has determined a deficiency of $767.62 in petitioners' 1975 Federal income taxes. The issue for decision is whether petition-

___

ers are entitled to deduct, as a casualty loss pursuant to section 165(c)(3),[1] the value of 20 trees which were removed from their property during 1975.

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners Cade L. and Betty R. Austin, husband and wife, resided in Charlotte, N.C., when they filed their petition herein. Petitioners timely filed their joint Federal individual income tax return for 1975 with the Internal Revenue Service Center in Memphis, Tenn.

Petitioners' residence in Charlotte was built in 1961 or 1962. At approximately the same time the residence was constructed, 20 pine trees were planted in a row on a small embankment between the driveway and the property line. Electric service to the residence was supplied through powerlines located approximately 1 foot on the petitioners' side of the property line and next to the row of pine trees.

Petitioners purchased this residence in 1968. At that time, the pine trees did not interfere with the powerlines to their residence. Eventually, however, the pines trees grew until they reached the powerlines, in some instances growing 10 to 15 feet above the powerlines.

Sometime during 1969 or 1970, petitioners realized that the trees would eventually interfere with the powerlines. Petitioners discussed methods of avoiding this problem with engineers of Duke Power Co. (Duke Power), the owner of the powerlines. Petitioners desired to replace the powerlines to their residence with an underground cable which would have been placed under a neighbor's property. Petitioners decided against the underground cable because they felt that they could not obtain their neighbor's permission. Petitioners and Duke Power also discussed the possibility of placing some sort of protective covering over the powerlines. Nothing came of these discussions.

Sometime during the fall of 1975 a tree surgery company, at

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during 1975.

the request of Duke Power, removed four of the pine trees from petitioners' property. Approximately 2 months later, the tree surgeons removed all of the branches from the side closest to the powerlines of each remaining tree.

Petitioners inspected the 16 remaining pine trees and determined that the absence of branches on one side of the trees might cause them to break or uproot during an ice storm and damage their residence. Accordingly, petitioners requested Duke Power to remove the remaining trees from their property. Sometime during December of 1975, these trees were removed by the tree surgeons.

On their 1975 return, petitioners claimed a $3,900 casualty loss deduction. This amount consisted of $4,000, less the $100 limitation provided in section 165(c)(3). In the statutory notice of deficiency respondent disallowed this deduction in full.

## OPINION

Petitioners argue that the removal of the 20 pine trees from their property was a deductible casualty loss under section 165(c)(3) and that the amount of such loss was $200 per tree, or $4,000. Respondent contends that a casualty loss did not occur and, as an alternative ground for a denial of the deduction, that petitioners have not established the amount of their loss.

Section 165(a) allows as a deduction uncompensated losses. In the case of an individual, section 165(c) limits the deduction allowed under section 165(a) to certain types of losses. Petitioners claimed their deduction under section 165(c)(3), which applies to losses arising from fire, storm, shipwreck, or other casualty, or from theft.

Petitioners contend that the removal of their trees constitutes a deductible occurrence under the phrase "other casualty" of section 165(c)(3). Petitioners rely on the case of *White v. Commissioner*, 48 T.C. 430 (1967), in which we applied the concept of ejusdem generis to allow as a deductible casualty loss the loss of a diamond from a ring when the petitioner's hand was caught in an automobile door.

In *White* we stated that, "Needless to say, the taxpayer may not knowingly or willfully sit back and allow himself to be damaged in his property or willfully damage the property

himself." 48 T.C. at 435. Petitioners' argument, as we understand it, is that if a taxpayer's negligence can serve as a bar to a casualty loss deduction then preventive measures taken by a taxpayer to avoid damage to his property can generate a casualty loss deduction. We disagree.

While petitioners correctly recognize that willful or gross negligence of a taxpayer may prevent the deduction for a casualty loss (*White v. Commissioner, supra; Farber v. Commissioner*, 57 T.C. 714, 718 (1972)), it does not follow that precautionary steps give rise to deductible losses under the principle of ejusdem generis. In allowing the deduction in *White*, we described the interplay of ejusdem generis with the section 165(c)(3) "other casualty" provision in *White v. Commissioner*, 48 T.C. at 435:

Its application has been consistently broadened so that wherever unexpected, accidental force is exerted on property and the taxpayer is powerless to prevent application of the force because of the suddenness thereof or some disability, the resulting direct or proximate damage causes a loss which is like or similar to losses arising from the causes specifically enumerated in section 165(c)(3).

See also *Aksomitas v. Commissioner*, 50 T.C. 679, 684 (1968).

We see no similarity between the removal of petitioners' trees, at their own direction, and the sudden and unexpected types of occurrences which have been held to be "other casualties." *White v. Commissioner, supra* (loss of diamond from ring when caught in suddenly closed automobile door); *Popa v. Commissioner*, 73 T.C. 130 (1979) (loss of property due to sudden fall of South Vietnam); *Farber v. Commissioner, supra* (damage to lawn, trees, and shrubs from erroneous application of chemical weedkiller). The loss of petitioners' trees was the result of precautionary measures taken at the petitioners' request to avoid a possible casualty at a later date. We see no distinction between petitioners' actions and other preventive measures which would be nondeductible under section 262,[2] such as the installation of a

---

[2]SEC. 262. PERSONAL, LIVING AND FAMILY EXPENSES.

Except as otherwise provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

burglar alarm or a smoke detector in a residence. Accordingly, we hold that no casualty occurred when petitioners' trees were removed, and thus, we must sustain the respondent's determination.[3]

*Decision will be entered for the respondent.*

---

[3]We note also that petitioners have not introduced any evidence to show either the diminution in the fair market value of their residence caused by the removal of the trees or their adjusted basis of the residence. See secs. 1.165–7(b)(2)(ii) and 1.165–7(b)(3), example (*3*), Income Tax Regs. Because the burden of establishing the amount of the loss rests upon the petitioners, Rule 142(a), Tax Court Rules of Practice and Procedure, petitioners have failed to meet their burden.