GENE W. ROSS AND BERNICE H. ROSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 18955-80.
United States Tax Court
T.C. Memo 1982-545; 1982 Tax Ct. Memo LEXIS 206; 44 T.C.M. (CCH) 1177; T.C.M. (RIA) 82545; September 21, 1982. *206 Petitioners owned a lakefront residence on Lake Erie. In 1973 petitioners built a breakwall to protect against erosion. During 1974 approximately 45 percent of this breakwall was destroyed by severe storms, and a casualty loss deduction was allowed therefor. The remaining portion of the wall was destroyed by two severe storms in 1975. As a result petitioners claimed a casualty loss deduction of $8,025. Held, petitioners have established that the diminution in the value of their property in 1975 was at least equal to the amount of the casualty loss claimed and therefore they are entitled to the claimed deduction. In 1976 petitioners constructed a new breakwall at a cost of $17,681 and claimed all but $100 of this amount as a casualty loss on their return for that year. Held further, petitioners are not entitled to the deduction claimed on their 1976 return since preemptive repairs do not qualify for a casualty deduction. In 1975 petitioner Mr. Ross's mother died, and petitioner was appointed administrator of her estate. In this capacity he allegedly incurred out-of-pocket expenses of $3,700, of which he deducted $1,079 on his 1975 return. Held further, petitioner *207 is not entitled to the claimed deduction. Michael F. Becker and Richard D. Panza, for the petitioners. Kristine A. Roth, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated July 25, 1980, respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1975 and 1976 in the respective amounts of $2,901.12 and $5,135. The issues *208 for decision are (1) whether petitioners sustained a deductible casualty loss during 1975 in the amount of $8,025; (2) whether petitioners sustained a deductible casualty loss during 1976 in the amount of $17,581; and (3) whether petitioners are entitled to a deduction for expenses incurred in the administration of the estate of petitioner Mr. Ross's mother. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Gene W. Ross and Bernice H. Ross resided in Lorain, Ohio at the time of filing the petition herein. Bernice H. Ross is a party to this proceeding solely by reason of having filed joint returns with Gene W. Ross (hereinafter petitioner). They filed income tax returns for the years in question with the Office of the Director, Internal Revenue Service, Cincinnati, Ohio. Petitioner has owned a lakefront residence on Lake Erie since 1957. This property contained a boathouse, a redwood deck, and sandstone jetties on the lakefront. In 1973, much of the shoreline was washed away, and the lakefront breakwall that had protected petitioner's property *209 since its purchase was destroyed. Later that year, petitioner built a new breakwall out of precast blocks that were placed on a cement foundation. The cost of construction was approximately $16,000. [1]
In 1974, due to a number of severe northeasterly storms, petitioner lost an estimated 45 percent of the breakwall constructed in 1973. At the beginning of 1975, the breakwall protected the east side of petitioner's property. During that year, a severe storm around Easter and another sometime in September caused serious undermining of the breakwall and extreme erosion on the brow and slope of petitioner's property. After the latter storm, the remaining breakwall was rendered useless and of no value. As of December 31, 1975, no effective waterfront protection existed on petitioner's property. On his tax return for 1974, petitioner deducted and was allowed a casualty loss deduction equal to 45 percent of the cost of building the protective wall. On his 1975 return, petitioner deducted $8,025 as a casualty loss on account of the destruction of the remainder of the wall. This constituted approximately *210 50 percent of the cost of the wall. In 1976, petitioner constructed a new breakwall at a cost of $17,681. This wall was substantially better in design and construction than the previous wall. This wall is still in place. On his 1976 tax return, petitioner deducted $17,581, the amount expended to build the new breakwall less the $100 floor, as a casualty loss. Petitioner cannot identify any specific storm or event in the nature of a storm that caused any damage to his real property or to the structure thereon during 1976. In 1975, petitioner's mother passed away and petitioner was appointed administrator of her estate. In this capacity, he allegedly incurred out-of-pocket expenses of $3,700. Petitioner did not file a return on behalf of the estate of his mother. On his return for 1975, petitioner deducted $1,079 as a loss incurred in administering the estate. In his statutory notice, respondent disallowed this deduction along with the two casualty loss deductions in their entirety. OPINION Section 165(a), I.R.C. 1954, allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of individuals, deductible *211 losses are limited to certain categories of losses, one of which is losses of property not connected with a trade or business, if they arise from "fire, storm, shipwreck, or other casualty, or from theft." [2]Sec. 165(c)(3). The event giving rise to a casualty loss deduction generally must be (1) identifiable, (2) damaging to property, and (3) sudden, unexpected or unusual in nature. White v. Commissioner,48 T.C. 430, 433-434 (1967). We have found as a fact that petitioner's remaining breakwall was destroyed by two separate and identifiable storms occurring in 1975, one around Easter and the other sometime in September. Both storms were unusually severe. The statutory language expressly allows losses for damages resulting from a storm. We find that the damage was sudden, unexpected and caused by identifiable events. Thus, the requirements of the statute are met. [3]
*212 The remaining issue with respect to the 1975 casualty is the amount of damage incurred by petitioner. For purposes of section 165(c)(3), the amount of deductible loss is measured by the diminution in the fair market value of the damaged property, but not to exceed the adjusted basis of that property. See Helvering v. Owens,305 U.S. 468, 471 (1939); Lamphere v. Commissioner,70 T.C. 391, 395 (1978); sec. 1.165-7(b)(1), Income Tax Regs.
We are convinced that the fair market value of petitioner's breakwall exceeded its basis. This finding is based on the fact that petitioner, an engineer, built the wall "with [his] own forces" and that if petitioner had sought an outside contractor to complete the work, a greater expense would have been incurred. Additionally, Mr. Stuart J. Satullo, stipulated to be an expert appraiser, testified that the value of the remaining portion of the wall prior to its destruction in 1975 was approximately $10,000. During 1974, approximately 45 percent of the wall was destroyed by storms and high water. Thus, the basis allocable to the remaining 55 percent was approximately $8,800. Petitioner and the expert appraiser *213 both testified that the remaining portion of the breakwall virtually was destroyed by the two storms in 1975. According to the appraiser, the breakwall was worth at most $300 at the end of the year. We see no reason to doubt this testimony. Accordingly, we find that petitioner suffered a diminution in the fair market value of his property as a result of the two storms in an amount at least equal to the amount set forth on his return ($8,125). Therefore, petitioner is entitled to the casualty loss deduction of $8,025 claimed on his 1975 return. In 1976 petitioner constructed a new breakwall at a cost of $17,681. All but $100 of this amount was deducted as a casualty loss on petitioner's return for that year. We agree with respondent that petitioner is not entitled to a deduction for the amount expended in constructing the breakwall. The new breakwall was built to replace the breakwall that was destroyed in 1975. Since there was not adequate evidence indicating that the new breakwall had been undermined or otherwise damaged in 1976, to allow a deduction for the cost of construction would have the effect of allowing petitioner a double deduction for a single casualty, that *214 is, the destruction of the breakwall built in 1973 and destroyed in 1974 and 1975. [4] Petitioner has proven only one casualty and is entitled to only one deduction for such casualty. At most, the construction of the breakwall in 1976 is evidence of the loss of value caused by the destruction of the previous breakwall. See sec. 1.165-7(a)(2)(ii), Income Tax Regs. The Code does not permit a deduction for the cost of preventive action taken by reason of anticipated future casualty losses. Finally, we hold that petitioner is not entitled to the loss claimed on his 1975 return for expenses incurred in administering his mother's estate.Petitioner admits that he can find no authority entitling him to such a loss but contends that it should be allowed as a matter of principle. Deductions are now allowed as a matter of principle but as a matter of legislative grace. NewColonial Ice Co. v. Helvering,292 U.S. 435 (1934). *215 Petitioner has failed to show that he is so blessed. The loss deduction is denied. Accordingly, Decision will be entered under Rule 155.
Footnotes
1. Petitioner, an engineer, built the wall "with [his] own forces."↩
2. Such loss is deductible to the extent it exceeds the $100 floor. Sec. 165(c)(3)↩.
3. See and compare Clapp v. Commissioner,36 T.C. 905, 908 (1961), affd. 321 F.2d 12 (9th Cir. 1963) (deduction allowed for damage caused by erosion of sand beach caused by unprecedented rainfall); Darcangelo v. Commissioner,T.C. Memo. 1980-157 (deductible casualty loss sustained when a flood following a severe storm partially destroyed petitioner's home); Collup v. Commissioner,T.C. Memo. 1962-28 (deduction allowed for damages arising from the inundation of lakefront property by flood level water); Walton v. Commissioner,T.C. Memo. 1961-130 (deduction for damage to trees caused by a severe squall); Hesler v. Commissioner,T.C. Memo. 1954-176 (deduction for structural damage to petitioner's house resulting from excessive rainfall); Coburn v. Commissioner, a Memorandum Opinion of this Court dated Mar. 16, 1953 (deductible loss caused by storm damage to petitioner's home). The instant case is distinguishable from Whiting v. Commissioner,T.C. Memo. 1975-38↩, since, unlike the damage in that case, which was due to progressive deterioration of petitioner's roof caused by water buildup, the damage in the instant case was produced by clearly identifiable forces that were sudden and unexpected.
4. We recently held, in the case of Austin v. Commissioner,74 T.C. 1334, 1337↩ (1980), that, as a general proposition, expenses arising from precautionary measures taken to avoid a possible casualty at a future date are not deductible as a casualty loss.