G. J. BAILEY and PAULINE A. BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 15530-81.
United States Tax Court
T.C. Memo 1983-685; 1983 Tax Ct. Memo LEXIS 102; 47 T.C.M. (CCH) 321; T.C.M. (RIA) 83685; November 17, 1983. *102 During the winter of 1979-1974, large, portions of Ps' backyard fell away over a period of 6 to 8 weeks. On their 1974 return, Ps claimed a casualty loss deduction for the damage under sec. 165(c), I.R.C. 1954. Held, Ps sustained a deductible casualty loss in 1974; amount of such loss determined. John W. Michener, Jr., for the petitioners. James W. Lessis, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $31,470.87 in the petitioners' Federal income tax for 1974. After a concession by the petitioners, the issue for decision is whether the petitioners sustained *103 a deductible casualty loss during 1974 as a result of soil slippage in their backyard. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, G.J. and Pauline A. Bailey, husband and wife, were legal residents of Fort Worth, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1974 with the Internal Revenue Service Center, Austin, Tex. Mr. Bailey will sometimes be referred to as the petitioner. In 1966, the petitioners had a house constructed for them in Fort Worth, Tex., and they continued to reside in such house when they commenced this case. The lot upon which such house is located slopes gradually downward toward the rear. The house is between 100 and 150 feet from a creek which forms the rear boundary of the property. During 1971, a small portion of the petitioners' backyard slipped away, and they had such damage repaired. Sometime in the fall or winter of 1973-1974, the ground behind the petitioners' house again began to separate and fall away. During a period of 6 to 8 weeks beginning in December 1973 and ending in 1974, large portions of the backyard *104 fell away, eventually exposing the foundation of their house. During this period, the level of the ground was reduced approximately 3 feet. On two occasions, the property behind the petitioners' house dropped 12 to 18 inches overnight. Such damage was more severe than that which occurred during 1971. Early in 1974, the petitioner contracted with a construction company to have the backyard repaired. They had three retaining walls installed and the backyard regarded. One wall ran the length of the property parallel to the creek; two smaller walls were built closer to the house. The petitioners paid $510 for the fill dirt necessary to regarde the backyard and a total of approximately $21,500 for the construction of the walls, for regrading the surface, and for other work. Since the retaining walls were built, there has been no recurrence of the type of damage sustained by the petitioners in 1973-1974. On their Federal income tax return for 1974, the petitioners claimed a casualty loss deduction, after subtracting the $100 limitation, of $16,025.25. The Commissioner disallowed the casualty loss deduction in full. OPINION The primary issue for decision is whether the petitioners *105 sustained a casualty loss within the meaning of section 165(c) of the Internal Revenue Code of 1954[1] as a result of soil slippage in their backyard. The petitioners have the burden of proving the occurrence of the casualty. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933); Heyn v. Commissioner,46 T.C. 302 (1966).
Section 165 allows a deduction for losses incurred in the taxable year that are not compensated for by insurance or otherwise, but section 165(c) limits the losses deductible by an individual. An individual is allowed a deduction for losses incurred in a trade or business, incurred in a transaction entered into for profit, or arising "from fire, storm, shipwreck, or other casualty, or from theft. *106 " Sec. 165(c)(3). The term "other casualty" contemplates events which are of the same general nature as a fire, storm, or shipwreck ( Durden v. Commissioner,3 T.C. 1 (1944); Fay v. Commissioner,42 B.T.A. 206 (1940), affd. per curiam 120 F.2d 253 (2d Cir. 1941)) and requires that the events which give rise to the loss be sudden, unexpected, or unusual in nature ( Kemper v. Commissioner,30 T.C. 546 (1958), affd. 269 F.2d 184 (8th Cir. 1959); Durden v. Commissioner,supra). A casualty does not include the "progressive deterioration of property through a steadily operating cause." Fay v. Commissioner, 120 F.2d at 253; Durden v. Commissioner,3 T.C. at 3. In the numerous cases involving the shifting or sinking of land, we have applied the same principles and have consistently required that the taxpayer establish that the damage to the real property occurred in a sudden, unexpected, or unusual manner ( Heyn v. Commissioner,supra; *107 Harris Hardwood Co. v. Commissioner,8 T.C. 874 (1947)), rather than as a result of gradual erosion ( Durden v. Commissioner,supra). Additionally, neither damage resulting from faulty construction ( Tank v. Commissioner,29 T.C. 677 (1958), revd. on other grounds 270 F.2d 477 (6th Cir. 1959); Matheson v. Commissioner,18 B.T.A. 674 (1930), affd. 54 F.2d 537 (2d Cir. 1931)), nor precautionary measures undertaken to avoid future casualty losses ( Austin v. Commissioner,74 T.C. 1334 (1980)), are deductible as an "other casualty." In Grant v. Commissioner,30 B.T.A. 1028 (1934), we were concerned with damage caused by the sinking of the taxpayer's lakefront property. Although the Court in Grant was unable to determine the exact cause of the damage to the taxpayer's property, the taxpayer's evidence indicated that the sinking of his land was due to the movement of two large masses of red clay that lay under the property. The Court did determine that the sinking of the land was unexpected and not the ordinary movement of lakefront property. *108 The Court therefore concluded that the slippage was the "unusual effect of several causes and conditions" and allowed the casualty deduction. 30 B.T.A. at 1035. In Heyn v. Commissioner,supra, this Court allowed a casualty loss deduction for damage caused by a landslide. The Commissioner argued that the landslide was not a casualty within the meaning of section 165(c)(3) because it resulted from the "anticipated hazards of building on * * * a steep hillside lot with an unstable soil condition, and * * * frulty shoring provided by the contractor." 46 T.C. at 307. In rejecting the Commissioner's contentions, we determined that the landslide in question "involved a sudden and violent movement of a large mass of earth that was cataclysmic in character, and was similar in nature to a fire, storm, or shipwreck." 46 T.C. at 307-308. We emphasized that the finding of a "casualty" was not precluded by the fact that an event was foreseeable or might have been prevented. 46 T.C. at 308.We further stated that the possibility *109 of prevention, or the foreseeability of an event, or the fact that negligence may have contributed to the event's occurrence, were factors to be examined, but that no single factor is dispositive of the question whether a casualty within the meaning of section 165(c) has occurred. In the present case, the petitioners contend that the damage to their backyard is similar to the kind of soil movement that we have previously recognized as a casualty in such cases as Heyn v. Commissioner,supra. The Commissioner, on the other hand, contends that Heyn involved events occurring at a precise moment and that the damage sustained by the petitioners in the present case resulted from gradual erosion rather than from a casualty. On the facts presented in this case, we believe that the soil slippage in the petitioners' backyard did not represent gradual soil erosion. Although the backyard damage occurred over a period of 6 to 8 weeks, it was not the result of gradual erosion. On the contrary, the petitioner testified that the ground fell away as if "cut by a knife." In this period of time, the elevation in the petitioners' backyard dropped approximately 3 feet. Such *110 damage to property that had otherwise been relatively stable for at least the past 8 years, involving unidentified causes and occurring over a relatively short period of time, constitutes a casualty within the meaning of section 165(c). Having concluded that the movement of soil in the petitioners' backyard is properly characterized as a casualty within the meaning of section 165, we must also determine the amount of the loss sustained by the petitioners. Heyn v. Commissioner,supra;Grant v. Commissioner,supra.The petitioners have the burden of proving the amount of any deductible casualty loss.Rule 142(a); Heyn v. Commissioner,supra.
The petitioners spent approximately $21,500 for the work done in their backyard. Of this figure, the petitioners contend that $16,125.25 was spent in restoring the backyard to its pre-casualty state. In his brief, the Commissioner contends that the petitioners sustained a casualty loss of no more than $510, the amount the petitioners paid for fill dirt to regrade their backyard. *111 The regulations under section 165 provide that the deduction attributable to a casualty loss is the lesser of the property's adjusted basis or the diminution in the property's value caused by the casualty. Sec. 1.165-7(b)(1), Income Tax Regs. The Commissioner concedes that the adjusted basis of the property exceeded the claimed loss. The diminution in the value of the property may be evidenced by competent appraisals of the property or by the cost to repair it. Sec. 1.165-7(a)(2), Income Tax Regs. However, if the taxpayer uses the latter measure of damage, he must show that the amounts spent were necessary to restore the property to its condition immediately preceding the casualty, that such amounts were not excessive, that such repairs did no more than care for the damage sustained, and that the value of the property after the repairs did not increase as a result of the repairs. Sec. 1.165-7(a)(2)(ii), Income Tax Regs.Any expenditure which does more than restore the property to its pre-casualty state is properly characterized as a capital expenditure *112 which increases the taxpayer's basis in the property. Heyn v. Commissioner,supra.
In the present case, the petitioners argue that the construction of the retaining walls was merely a necessary repair, was not excessive, and did not improve or increase the value of the property. They maintain that before the soil slippage, they had a stable backyard and that the retaining walls only served to restore the yard to its original condition. The Commissioner argues that the petitioners did not previously have a stable backyard. Prior to the installation of the walls, the petitioners twice, once in 1971 and again in 1973-1974, experienced soil slippage in their backyard. There has been no soil slippage since the walls were installed. The petitioners are entitled to deduct as a loss the cost of restoring their backyard to the condition that existed before the soil slippage. Although they maintain that their yard was stable before the slippage in 1973-1974, we are not convinced.The fact that there was some slippage of soil in 1971 is some evidence that the yard was always subject to slippage. The petitioners have not shown the cause of the 1973-1974 slippage, and *113 they have not proved that the yard was not at all times subject to the risk of slippage. Clearly, there were no retaining walls before the slippage, and the erection of the retaining walls after the slippage greatly reduced the risk of future slippage. Under such circumstances, we conclude that the petitioners have failed to prove that the construction of the retaining walls was necessary to repair the damage caused by the soil slippage. Thus, the construction of such walls constituted an improvement of the land, and the costs thereof are not deductible. On the other hand, the petitioners are entitled to a deduction for more than the mere cost of the dirt used to restore the backyard. They are also entitled to deduct the costs of labor in transporting that dirt to the yard and the labor involved in spreading the dirt and regrading the surface. The evidence fails to establish the cost of such labor, but since we are satisfied that the petitioners are entitled to a deduction for such costs, we will allow them a deduction for a portion of their expenditures in accordance with Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Based on the evidence that we do have, *114 and bearing heavily against the petitioners, who are responsible for the meager record before us, we conclude that the cost of restoring the backyard to its pre-casualty state was $3,000, including the cost of the dirt and the labor involved in restoring the backyard. Hence, the petitioners are entitled to a casualty deduction of $2,900. Finally, the Commissioner contends that the casualty at issue occurred in 1973 rather than in 1974. The record in this case establishes that the damage to the petitioners' yard occurred over a period of 6 to 8 weeks during the fall and winter of 1973-1974 and that on two occasions the petitioners observed substantial soil slippage in the backyard. The first of two sudden drops of 12 to 18 inches probably occurred in December of 1973, and the second occurred in late December 1973 or January 1974. There is other evidence indicating that at least some slippage continued into 1974. On such record, we conclude that the petitioners sustained the casualty loss in 1974. Determination of the year in which a loss is sustained requires a practical, not a legal, *115 approach; the facts and circumstances of the individual case must be considered. Boehm v. Commissioner,326 U.S. 287, 292-293 (1945). In some circumstances, it is possible to fix with some exactitude the moment that the casualty occurred. Kunsman v. Commissioner,49 T.C. 62 (1967); Heyn v. Commissioner,supra;Durden v. Commissioner,supra.However, in cases involving soil movement, assigning a precise moment when the damage occurred may be more difficult. Matheson v. Commissioner,54 F.2d 537 (2d Cir. 1931), affg. 18 B.T.A. 674 (1930); Grant v. Commissioner,supra.
In this case, the damage to the backyard did not occur at a single moment; it occurred over a period of weeks or months. The slippage that occurred in 1973 may have been negligible and certainly was a part of the total damage. Not until 1974 was the damage substantial or could the total loss be determined. Under such circumstances, it is clear that the total loss did not occur in 1973, and it would be utterly impracticable to attempt to determine how much of the loss occurred in *116 1973 and how much in 1974. Boehm v. Commissioner,supra;Brown v. Commissioner,23 T.C. 156 (1954); Dana v. Commissioner,6 T.C. 177 (1946). Since the aggregate loss could not be measured until 1974, we conclude and hold that the casualty was sustained in that year and that the deduction is allowable in that year. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1974. ↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩